UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLEN FLOYD, )<br>  )<br>    Petitioner, )<br>  )<br>  v. )<br>  )<br>JOHN VANNATTA, )<br>  )<br>    Respondent. ) | CAUSE NO. 3:05-CV-143 TLS |

**OPINION AND ORDER**

Petitioner Glen Floyd, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner is serving a twenty year sentence for his two 2000 Howard County convictions for Class B felony sexual misconduct with a minor. In his habeas corpus petition Mr. Floyd seeks to challenge his guilty pleas. The respondent asserts that the petition is untimely and that the petitioner has procedurally defaulted the issues he seeks to raise. Mr. Floyd did not file a traverse.

The parties submissions establish that Mr. Floyd pled guilty on March 28, 2000, and was sentenced on July 27, 2000. On October 14, 2004, Mr. Floyd filed a *pro se* motion for change of venue from the trial judge. On November 4, 2004, by counsel, Mr. Floyd filed a petition for post-conviction relief, which was summarily dismissed by the court for failure to allege statutory grounds for relief. On December 9, 2004, Mr. Floyd, filed *pro se* motions for modification of sentence and for evaluation. The trial court denied these motions on December 13, 2005. On February 17, 2005, Mr. Floyd filed a *pro se* petition for post-conviction relief, which the court summarily dismissed for failure to state any statutory grounds. It does not appear that Mr. Floyd appealed the denial of either of his petitions for post-conviction relief.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state

conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations.

Mr. Floyd does not assert the state impeded his attempts to obtain review, that he is attempting to assert a newly established right, or that he recently discovered new claims through due diligence. Because Mr. Floyd pled guilty he could not directly appeal his conviction, though he could file an appeal of his sentence or a petition post-conviction relief. Mr. Floyd never filed an appeal of his sentence, and he filed his petitions for post-conviction relief over four years after the court accepted his guilty plea.

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari denied. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). Because Mr. Floyd did not file an appeal or petition for post-conviction relief within a year of his conviction, the judgment became final one year from the date of his conviction. His petitions for post-conviction relief, which were summarily rejected by the state trial court, were filed beyond the statute of limitations and did not toll the statute of limitations. Accordingly, Mr. Floyd's federal petition for writ of habeas corpus is untimely pursuant to § 2244(d)(1), and his claims are time-barred.

For the foregoing reasons, the court the court DENIES this petition pursuant to 28 U.S.C. § 2244(d)(1).

SO ORDERED on January 19, 2006.

    /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT